# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**B. ELISE MILLER,**

    **Defendant.**

Case No. 2:12-cr-87
**CHIEF JUDGE EDMUND A. SARGUS, JR.**

## OPINION AND ORDER

This matter is before the Court on Defendant B. Elise Miller's Motion to Compel Release from Prison [ECF No. 41]. Defendant pleaded guilty to embezzlement from an employee pension benefit plan and, on March 13, 2014, the Court sentenced her to fifteen (15) months of incarceration—to run concurrently with sentences of twenty-seven (27) and fifty-four (54) months imposed in 2013 by the U.S. District Court for the Northern District of Ohio—followed by one (1) year of supervised release, which would run concurrently with the supervised release imposed by the Northern District. (J. in a Crim. Case at 1–3 [ECF No. 39]; Mot. at 1 [ECF No. 41].)

Defendant represents that in April 2017, the Intake Coordinator at Alvis House informed her that she had been accepted into the Alvis House's Residential Community Program and was to begin the Program on September 19, 2017. (Mot. at 1.) In July, however, Defendant's Case Manager at the Alderson Federal Prison Camp informed Defendant that her release to Alvis House had been cancelled and that she would remain at Alderson until her good conduct release date of February 26, 2018. (*Id.*) Later in the summer, Defendant's Case Manager informed

Defendant that, due to a recalculation, she would be released to home confinement on January 26, 2018. (*See id.* at 2.)

Defendant moves under 18 U.S.C. § 3624 for an order directing that she be immediately released from Alderson to home confinement. (Mot. at 2.) Section 3624 mandates that the Director of the Bureau of Prisons (BOP) ensure, "to the extent practicable, . . . that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). Section 3624 also provides that the Director of the BOP "may . . . place a prisoner in home confinement for the shorter of 10 percent of [his] term of imprisonment . . . or 6 months." *Id.* § 3624(c)(2).

Defendant's request for an order directing her immediate release to home confinement is not well taken. Section 3624 "does not encroach upon the BOP's broad discretion and authority to determine where prisoners may be confined during the prerelease period." *Tunnicliffe v. Bureau of Prisons*, No. 06-cv-49, 2006 WL 1360802, at *4 (E.D. Ky. May 15, 2006); *cf. Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (stating that an inmate has no justifiable expectation that he will be incarcerated in any particular prison or in any particular state); *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir. 1983) ("The Attorney General, pursuant to 18 U.S.C. § 4082(b) (1976), has the discretion to transfer federal prisoners from one place of confinement to another at any time for any reason whatsoever or for no reason at all."). And contrary to Defendant's suggestion, § 3624 does not create an individual right to be placed in a particular reentry program or in home confinement. The statute provides generalized instructions on community reentry preparation—instructions that delegate the specific implementation of that preparation to the discretion of the BOP Director. Section 3624 states, for example, that the BOP

2

Director "shall . . . ensure" that a prisoner's final months of incarceration be spent under conditions that will assist her in reentering the community. 18 U.S.C. § 3624(c)(1). But by mandating that the Director only ensure reentry preparation "to the extent practicable," § 3624 vests the Director with discretion to determine when and where a prisoner's reentry preparation will occur. *Id.* That § 3624 does not explicitly list the conditions of confinement that "will afford [the] prisoner a reasonable opportunity to adjust to and prepare for the reentry . . . into the community" further indicates that the Director has discretion over a prisoner's reentry preparation. *Id.* And regarding a prisoner's placement in home confinement, the statute also grants the Director discretion—the Director "may" place a prisoner in home confinement for a limited amount of time. *Id.* § 3624(c)(2).

To the extent that Defendant seeks immediate release from Alderson through a modification of her sentence, Defendant's request also fails. Once a district court has imposed a sentence, 18 U.S.C. § 3582(c) generally prohibits the court from modifying the sentence. A district court may only modify a final sentence (1) upon motion by the Director of the BOP; (2) where the defendant's sentencing range has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); or (3) to the extent expressly permitted by statute or by Federal Rule of Criminal Procedure 35. *See* 18 U.S.C. § 3582(c). Section 3582(c) does not provide for sentence modification in response to the BOP Director's decisions on reentry preparation and home confinement. *See id.*

A district court has more flexibility in adjusting the conditions of a defendant's supervised release. *See* 18 U.S.C. § 3583(e). Defendant, however, is not on supervised release. She has not yet completed her term of incarceration and is still in the BOP's custody. (*See* Mot. at 1–2.)

Because § 3624 does not create an individual right to be placed in home confinement or in a particular reentry program, and because no circumstances permitting a modification of Defendant's sentence are present, Defendant's Motion to Compel Release from Prison [ECF No. 41] is **DENIED**.

**IT IS SO ORDERED.**

11-16-2017
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

4